J-S43003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| NASIR JOHNSON, | |
| Appellee | No. 2942 EDA 2013 |

Appeal from the Order Entered September 19, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010690-2012

BEFORE:  GANTMAN, P.J., PANELLA AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 02, 2015**

Appellant, the Commonwealth of Pennsylvania (Commonwealth), appeals from an order entered on September 19, 2013 that granted a motion to suppress filed by Appellee, Nasir Johnson (Johnson).[1]  Upon careful consideration, we vacate and remand for further proceedings.

Johnson was arrested on August 22, 2012 and charged with possession with intent to deliver (35 P.S. § 780-113(a)(30)), simple possession (35 P.S. § 780-113(a)(16)), and criminal conspiracy (18 Pa.C.S.A. § 903).  Following a preliminary hearing on September 7, 2012, all charges were held for court.  After several continuances, Johnson filed a

---

[1]  In its notice of appeal, the Commonwealth certified that the September 19, 2013 order will terminate or substantially handicap the prosecution of this case.  Hence, we have jurisdiction over this appeal pursuant to Pa.R.A.P. 311(d).

motion to suppress on July 14, 2013. The trial court convened a hearing on Johnson's motion on September 10, 2013.

At Johnson's suppression hearing, the Commonwealth called Philadelphia Police Officer Padraic Feeney, who was the sole witness to offer testimony at the proceeding. The trial court summarized Officer Feeney's testimony as follows.

> At approximately 11:30 [p.m.] on August 22, 2012 [P]olice [O]fficer Feeney and [his] partner Officer McGrorty were working in an unmarked vehicle at or near the area of the 1500 block of Longshore Avenue in the City of Philadelphia. The [o]fficers observed [Johnson] operating a gold Chevy Malibu with a Virginia [license] plate, traveling southbound from the 7000 block of Large Street into an intersection[. At that location, Johnson came to a sudden] stop and permitted another individual to enter the vehicle[. Officer Feeney described] that individual as an Hispanic male.
>
> Based upon [the abrupt stop of Johnson's vehicle], the officers radioed for backup and continued southbound activating their lights and sirens to issue a car stop. The intention of [Officer Feeney] was to issue a motor vehicle violation[, pursuant to 75 Pa.C.S.A. § 3710], obstructing an intersection.
>
> The vehicle [operated by Johnson stopped] on command at 1500 Longshore Avenue. While [Officer Feeney] indicated that the occupants of the vehicle did not comply immediately [with the officer's] commands to [show] their hands, eventually [the occupants] did comply.
>
> [Next, Officer Feeney requested] that the occupants exit the vehicle. After the males [] removed themselves from the vehicle, [Officer] Feeney indicated that he saw "a clear plastic [Ziploc] baggie, not in its entirety, just basically the corner of it sticking out of a panel of the center console." Based upon that observation, solely without any indication of drugs or paraphernalia being seen, [O]fficer Feeney call[ed] his Sergeant to the scene, who then radio[d] for a narcotics canine officer to

- 2 -

come [] to conduct a search of the vehicle, along with a canine, trained for that specific purpose.

Although it isn't clear, the record appears that the time period between the stop of the vehicle and the arrival of the canine sniffing dog may have been somewhere between the twenty (20) minutes to two (2) hours. The canine alert[ed] positive for contraband[, which led to the] procurement of a search warrant, delivered at 5:15 a.m. The car [was] searched, resulting in a seizure of 595 packets containing a blue insert of off-white powder, alleged[ly] heroin. [Johnson was] arrested and [$700.00 was recovered from his person].

Trial Court Opinion, 1/16/15, at 2-3.

Based on the foregoing findings of fact, the trial court, by order entered on September 19, 2013, suppressed all of the evidence recovered from Appellee and his vehicle. Thereafter, the Commonwealth filed a timely notice of appeal along with a concise statement of errors for which it sought appellate review. The trial court issued a responsive opinion on January 16, 2015.

In its brief, the Commonwealth raises the following question for our review:

Did the lower court err by suppressing hundreds of packets of heroin where the police properly detained defendant, following a lawful traffic stop, based upon a reasonable suspicion of criminal activity?

Commonwealth's Brief at 3.

The Commonwealth challenges an order that granted Johnson's motion to suppress. It maintains that Officer Feeney and his partner conducted a lawful traffic stopped based upon probable cause that Johnson committed a violation of the Motor Vehicle Code. The Commonwealth also asserts that

Officer Feeney had lawful authority to order Johnson and the other occupants out of the vehicle during the course of a lawful vehicle stop. Lastly, the Commonwealth asserts that Officer Feeney possessed reasonable suspicion to detain Johnson pending a canine sniff based upon his observation of the corner of a Ziploc baggy protruding from a non-factory compartment in the center console of the vehicle. Because Officer Feeney possessed reasonable suspicion, the Commonwealth concludes that Johnson's detention was constitutionally justified and that the ensuing searches and seizures were lawful.

Our standard of review over such claims is as follows.

> In appeals from orders granting suppression, our scope of review is limited to the evidence presented at the suppression hearing. *In the Interest of L.J.*, 79 A.3d 1073, 1088–1089 (Pa. 2013). Thus, we may consider only the evidence from [defense] witnesses together with the Commonwealth's evidence that, when read in context of the record at the suppression hearing, remains uncontradicted. *Id.*; *Commonwealth v. Whitlock*, 69 A.3d 635, 637 (Pa. Super. 2013). As for the standard of review, we apply no deference to the suppression court's legal conclusions. *Whitlock*, 69 A.3d at 637. In contrast, we defer to the suppression court's findings of fact, "because it is the fact-finder's sole prerogative to pass on the credibility of the witnesses and the weight to be given to their testimony." *Id.*

*Commonwealth v. Davis*, 102 A.3d 996, 999 (Pa. Super. 2014) (parallel citations omitted).

There is no dispute in this case that Officer Feeney and his partner lawfully stopped Johnson's vehicle and that they enjoyed the authority to remove the occupants from the car. Instead, the central question in this

case is whether the canine sniff impermissibly extended the traffic stop in the absence of reasonable suspicion of criminal activity. *See Rodriguez v. United States*, 2015 WL 1780927, *5 (U.S. 2015).

The following principles govern our assessment of whether an officer possesses reasonable suspicion to extend a traffic stop in order to conduct a canine sniff.

> A police officer may detain an individual in order to conduct an investigation if that officer reasonably suspects that the individual is engaging in criminal conduct. *Commonwealth v. Cook*, 735 A.2d 673, 676 (Pa. 1999). "This standard, less stringent than probable cause, is commonly known as reasonable suspicion." *Id.* In order to determine whether the police officer had reasonable suspicion, the totality of the circumstances must be considered. *In re D.M.*, 781 A.2d 1161, 1163 (Pa. 2001). In making this determination, we must give "due weight ... to the specific reasonable inferences [the police officer] is entitled to draw from the facts in light of his experience." *Cook*, 735 A.2d at 676 (*quoting Terry v. Ohio*, 392 U.S. 1 (1968)). Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, "[e]ven a combination of innocent facts, when taken together, may warrant further investigation by the police officer." *Cook*, 735 A.2d at 676.

*Commonwealth v. Rodgers*, 849 A.2d 1185, 1189 (Pa. 2004) (parallel citations omitted).

"[R]easonable suspicion does not require that the activity in question must be unquestionably criminal before an officer may investigate further." *Id.* at 1190. "Rather, the test is what it purports to be — it requires a suspicion of criminal conduct that is reasonable based upon the facts of the matter." *Id.*

We hold the trial court erred as a matter of law in granting the suppression motion. The trial court failed to consider the totality of the circumstances and give Officer Feeney the benefit of the inferences he drew from those circumstances. The record shows that Officer Feeney reasonably suspected that criminal activity was afoot and that Johnson was in possession of contraband at the time of the traffic stop.

In this case, Officer Feeney and his partner stopped Johnson's car at 11:30 p.m. after watching him stop abruptly in an intersection and nearly cause an accident. The officers ordered all of the occupants out of the car because they engaged in furtive movements during which the officers lost sight of the occupants' hands. After the occupants exited the vehicle, Officer Feeney observed the corner of a Ziploc baggy protruding from a non-factory compartment[2] near the passenger side floorboards of the vehicle's center console. Officer Feeney knew from his experience in investigating narcotics offenses that unconventional vehicle compartments were used for transporting drugs.[3] The officer testified explicitly that the presence of a

_____

[2] Officer Feeney's characterization of the vehicle compartment as unconventional was not contested at the suppression hearing.

[3] A police officer may consider the "modes or patterns of operation of certain kinds of lawbreakers" in drawing inferences and making deductions about the presence of criminal activity. **Commonwealth v. Epps**, 608 A.2d 1095, 1096 (Pa. Super. 1992).

clear plastic bag in the particular location where it was observed led him to believe that Johnson was engaged in drug-related activity:

> Over my experience as an officer, I've encountered narcotics jobs where in vehicles there's compartments that are manipulated to hold narcotics.

> And I believe in this vehicle with the clear plastic bag – Ziploc baggy sticking out from where it was sticking, I believe it may have been a package for narcotics at that time.

N.T., 9/10/13, at 11. Under our prevailing legal standard, which emphasizes the totality of the circumstances, this testimony was sufficient to establish the requisite reasonable suspicion.

The trial court, however, opined that Officer Feeney's observation of the "tip of a baggy, nothing more" failed to demonstrate reasonable suspicion. This assessment is legally flawed. First, the trial court viewed the officer's observations in isolation, and not in the context of the totality of the circumstances, which included the location where the baggy was observed as well as the officer's experience. Secondly, the trial court appears to overlook that Officer Feeney's testimony established a **reasonable** suspicion of criminal activity based upon objective and observable facts; he did not need to establish his suspicions to a level of certainty, or even a fair probability. Lastly, we find the instant case easily distinguishable from *Commonwealth v. Lopez*, 609 A.2d 177 (Pa. Super. 1992), on which the trial court relied. In *Lopez*, the investigating trooper testified that he prolonged the traffic stop based on his "policeman's intuition." Here, in

- 7 -

contrast, Officer Feeney pointed to specific factors that supported his belief that criminal activity was afoot. Thus, **Lopez** does not support the conclusion that reasonable suspicion was absent in this case.

In sum, Officer Feeney articulated a particularized suspicion, based on objective physical evidence and a trained officer's reasonable inferences, that Johnson was engaged in drug-related activity. We therefore conclude that Officer Feeney's observations furnished reasonable suspicion to suspect that criminal activity was afoot. Because the officer was justified in detaining Johnson until a canine sniff could be conducted, suppression of the seized evidence was improper.

Suppression order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2015